**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



FILED

JAN 22 2014

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**JASON LANDIS LINDER,**

      **Petitioner,**

    **v.**                           **CRIMINAL ACTION NO. 2:04cr16(5)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

### *MEMORANDUM ORDER*

This matter is before the Court on Petitioner Jason Landis Linder's Motion to Vacate, Set

Aside or Correct a Sentence Previously Imposed pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion").

Petitioner asks the Court to set aside or modify his sentence as a result of the Supreme Court's

decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which Petitioner characterizes as

newly discovered evidence. Petitioner also argues that in light of the Supreme Court's ruling in

*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), his Judgment

should be amended to impose the non-Guidelines alternative sentence this Court stated that it

would have imposed if it were not bound to follow the United States Sentencing Guidelines.

Title 28 U.S.C. § 2255 authorizes a person in federal custody to seek to vacate his

sentence or conviction if either was improperly attained. Section 2255(h) provides that a

"second or successive motion" must be certified by the appropriate court of appeals. Petitioner

previously filed a motion to impose an alternative sentence, which this Court construed as a

petition under 28 U.S.C. § 2255. This Court denied the motion on October 12, 2006. The instant

motion is the second § 2255 Motion filed by Petitioner. The Court has not received an order from

1

the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") authorizing it to consider Petitioner's second or successive § 2255 Motion and the record does not show that Petitioner has moved for such a certificate of appealability.

However, even if the petition was not a successive motion, the Petitioner's motion lacks merit. First, the rule in *Alleyne* is not retroactive and precludes Petitioner from seeking redress under 28 U.S.C. § 2255 because his conviction was final before the Supreme Court's decision. *See e.g., Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (explaining that "[u]nless the Justices . . . decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack ."); *Lopez v. United States*, 2013 U.S. Dist. LEXIS 121947, 2* n.2 (E.D. N.Y. 2013) ("*Alleyne* has not been made retroactive by the Supreme Court to cases on collateral review."); *United States v. Condra*, 2013 U.S. Dist. LEXIS 124257, 6* n.4 (W.D. Va. 2013) ("The Supreme Court did not declare the new rule in *Alleyne* retroactively on collateral review, nor is it likely to do so."). Second, Petitioner's case was not pending on direct review when *Booker* was decided and *Booker* does not provide a jurisdictional vehicle to activate an alternative sentence. *See United States v. Nguyen*, 211 F. App'x 191, 193 (4th Cir. 2006) ("The alternative sentence plays its role when resentencing is required by *Booker*. *Booker*, in turn, applies retroactively only to cases that were pending on direct review when it was decided.").

Because Petitioner has failed to obtain authorization from the Fourth Circuit to file a successive petition, the Court lacks jurisdiction to consider this § 2255 Motion. Accordingly, Petitioner's request is **DISMISSED** without prejudice to his ability to move the Fourth Circuit for leave to file a successive § 2255 petition.

The Court **DIRECTS** the Clerk to send Petitioner a copy of the instructions and form packet for "Filing Motion Under 28 U.S.C. § 2244 For Order Authorizing District Court to

Consider Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255." The Court **ADVISES** Petitioner that he may appeal this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, VA 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

In addition, the Court **DIRECTS** the Clerk to send a copy of this Order to Petitioner and to the United States Attorney.

**IT IS SO ORDERED**.

Norfolk, Virginia
January 22, 2014

Raymond A. Jackson
United States District Judge

3